[No. 7,069.—In Bank.]

NATHAN FLETCHER ET AL. v. B. W. MOWER.

PRIOR POSSESSION — PRE-EMPTION — STATE PATENT.—The plaintiffs' grantor, holding under a state patent, was in the actual possession of the land in controversy, and was ousted by the defendant. In an action to recover the possession, the defense was, that the land at the time of the State location was within the limits of a pending Mexican claim, and the patent therefore void; and the Court found that the defendant was a qualified pre-emptor, and had entitled himself to the rights of a pre-emption claimant, provided the land was subject to pre-emption at the time of his entry. *Held*, that the plaintiffs, by virtue of their prior possession, were entitled to recover the possession of the premises from the defendant, who was a mere intruder, and it was therefore unnecessary to inquire into the validity of the plaintiffs' title.

APPEAL from a judgment for the defendant, and from an order denying a new trial, in the Superior Court of the County of Los Angeles. SEPULVEDA, J.

*Bicknell & White*, for Appellants.

The defendant could not initiate a valid pre-emption claim, as he entered upon the possession and improvements of the plaintiffs. (*Atherton* v. *Fowler*, 6 Otto, 513; *Hosmer* v. *Wallace*, 7 id. 579, 580.)

Not being in privity with the State title, he could not impeach or question the proceedings taken by the State to dispose of the land. (*Doll* v. *Meador*, 16 Cal. 324, 325; *People* v. *Stratton*, 25 id. 251; *Dodge* v. *Perez*, 2 Saw. 653–655.)

*J. W. Stump*, for Respondent.

A pre-emptor may attack a State patent, being in privity with the original source of title, he having done or offered to do all the law requires. (*Terry* v. *Megerle*, 24 Cal. 610; *People* v. *Stratton*, 25 id. 251; *Carder* v. *Baxter*, 28 id. 101; *Kile* v. *Tubbs*, 28 id. 403; *Hagar* v. *Lucas*, 29 id. 312; *White* v. *Allen*, 3 Oreg. 113; *Minter* v. *Crommelin*, 18 How. 87; *Rondell* v. *Fay*, 32 Cal. 362; *Patterson* v. *Winn*, 11 Wheat. 380; *Rosecrans* v. *Douglass*, 52 Cal. 213.)

SHARPSTEIN, J.:

Although the complaint in this action is entitled " a complaint to quiet title," it contains all the material allegations of a com-

plaint in ejectment, and we shall treat it as such. It avers the ownership of the plaintiffs, the wrongful entry and possession of the defendants, and prays, among other things, that the plaintiffs recover the possession of the premises. The plaintiffs are entitled to such relief, within the issues, as they have proved themselves entitled to, without regard to the mere form of the pleading.

The defendant in his answer denies that the plaintiffs are the owners of said land, or any part thereof. He further denies that within five years last past he " wrongfully or unlawfully entered into possession of a portion of said land, or that he holds possession thereof, or any part thereof, unlawfully or wrongfully or against right," which amounts to an admission that he did, in fact, enter into possession and still holds the same.

For a further and separate answer, defendant alleges that plaintiffs' claim of title is based upon an application of one E. W. Squires to purchase said land from the State, made at a time when said land was not subject to selection, and that said application did not conform to the requirements of law in respect to the affidavit and description of the land to be filed with the county recorder, and that the certificate of purchase and patent issued by the State were illegal and void.

And for a further and separate answer, the defendant alleges, that he had been in possession of said land, exercising control over it by occupation, cultivation, renting, and payment of taxes thereon, for the past three years, claiming adversely to the plaintiffs and all other persons, by and in consequence of a claim of preemption duly initiated in the United States district land office, at Los Angeles, made by him in good faith, believing that said land was, at the initiation of said pre-emption claim, public land of the United States, and on his information and belief he alleges that it still is ; and that his claim has not yet been determined by the land department of the United States.

Upon these pleadings the parties went to trial, and a judgment was rendered in favor of the defendant, from which this appeal is taken.

The Court found substantially as follows: " That the section lines within which the land in controversy lies were surveyed by authority of the United States in February, 1868, and said

survey approved April 1st, 1868.   That the township plat which included said land was filed in the United States land office in San Francisco, April 22nd, 1868, and afterwards refiled at Los Angeles, November 21st, 1871.

"That in pursuance of said application of said Squires to purchase said land, the State locating agent, on the 22nd day of April, 1868, located said lands with other lands as school lands, in lieu of the south-east quarter of section 36, township 4 south, range 4 west, S. B. M., and the commissioner of the general land office and the Secretary of the Interior, on the 23rd of November, 1871, listed said lands to the State, and the State issued a patent therefor to said Squires, from whom the plaintiffs deraign title through mesne conveyances.

"That at the time of said selection and location, the owners of the Rancho Sausal Rodonda claimed that the said lands were within the limits of said rancho.  That two surveys of said rancho were made in 1868, one of which excluded, and the other included, the land in controversy within the lines of said rancho. The one excluding said land was finally approved, and a patent was issued in accordance therewith on the 22nd of March, 1875.

"That the defendant claims as pre-emptor the south half of the north-west quarter and north half of the south-west half of section 32, township 7 south, range 13 west, S. B. M.   That he entered upon the west half of the south-west quarter of the north-west quarter of said lands in December, 1875, under an agreement to purchase said twenty acres of land from Nathan Fletcher, one of the plaintiffs herein, and tendered his declaratory statement in the United States land office, claiming the 160 acres above described, in March, 1876, tendering the officers of said land office all legal fees, and the said officers refused to file said declaratory statement or permit said defendant to file on said lands, from which ruling said defendant appealed to the commissioner of the general land office, and the appeal is undetermined by said commissioner and still pending.

"That in December, 1876, said defendant tendered in proof of settlement as required by law to the officers of the United States land office $1.25 per acre for the land, and offered to enter the same; that the officers refused to receive the proof and refused to receive the money tendered, on the ground that they did not consider the land open to entry, as the same appeared

upon the records of their office to have been listed to the State of California.

"That defendant moved upon the lands described in the complaint in January, 1877. That he moved into and took possession of a dwelling-house erected by E. W. Squires, one of plaintiffs' grantors; that said lands had been occupied and exclusively possessed by E. W. Squires and others, claiming said land under the title of State of California, plaintiffs' grantors, since the year 1860, until the entry of defendant; that the lands had all been enclosed, and, at the time of the entry of defendant, the north 80 acres was enclosed on three sides; and there was upon said lands an orchard, bearing, of about 1,500 trees, said orchard being over fifteen years old, dwelling-house, corrals, and outhouse, all of which had been placed upon said lands by E. W. Squires, one of plaintiffs' grantors."

It is also found, that the defendant was a qualified pre-emptor when he entered upon the land, and that he has entitled himself to all the rights of a pre-emption claimant, provided the land was subject to pre-emption at the time of his entry.

The conclusion of the Court was, that, upon these facts, the plaintiffs were not the owners of the land, and that the defendant was entitled to the possession of it.

But it is quite obvious that the plaintiffs, by virtue of their prior possession, as found by the Court, were entitled to recover the possession of the premises from a mere naked intruder, which the defendant is found to be. It is unnecessary, therefore, in this action, to determine whether or not the plaintiffs have acquired title from the paramount source, because it is conceded that the defendant has not. The maxim, *Qui prior est tempore, potior est jure,* is applicable to this case.

This doctrine has become so familiar to the bar of this State as to render any elaboration of it wholly unnecessary.

Judgment and order denying motion for a new trial reversed, and cause remanded to the Superior Court of Los Angeles County, with directions to that Court to enter judgment upon the findings that the plaintiffs recover the possession of the premises described in the complaint.

McKEE, J., THORNTON, J., MYRICK, J., ROSS, J., and McKINSTRY, J., concurred.